IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**LARRY GENE VINING**,

        **Petitioner**,

v.                                  Civil Action No. 3:07cv144
                                    (Judge Bailey)

**JOE DRIVER, Warden**,

        **Respondent**.

## OPINION/REPORT AND RECOMMENDATION

The *pro se* petitioner initiated this case on November 6, 2007, by filing an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241. The petitioner is currently serving an 84-month federal sentence imposed in the United States District Court for the Eastern District of Michigan. Petition at 2. In the petition, the petitioner challenges the computation of his sentence by the Bureau of Prisons ("BOP").

### I. Factual and Procedural History

The undisputed facts show that the petitioner was stopped by the Pontiac Michigan Police on June 19, 2004 for a traffic violation. At that time, the petitioner was under the supervision of the Michigan Department of Corrections ("MDOC"). During the stop, the petitioner fled on foot. However, a passenger in the car informed the officers that the petitioner had placed a gun under the seat before fleeing. The petitioner's possession of a handgun is the basis for his current federal offense.

On August 2, 2004, the petitioner was arrested by the Pontiac Police on an escape warrant

and parole violator warrant. As a result, the petitioner was incarcerated at the Oakland County Jail.

On December 22, 2004, the United States Marshal Service took custody of the petitioner via a federal writ. The petitioner was eventually found guilty by a jury of being a felon in possession of a firearm and sentenced to 84 months imprisonment. The petitioner's Judgment and Commitment Order ("J&C") specifically directs that his federal sentence run consecutive to all the petitioner's undischarged terms of imprisonment. The petitioner was returned to state custody on August 12, 2005.

On December 2, 2005, the petitioner was paroled from his Michigan sentences and turned over to federal authorities. Thus, the BOP has calculated the petitioner's sentence as commencing on that date. With good time, the petitioner's projected release date is currently January 7, 2012.

## II. Contentions of the Parties

### A. The Petition

In the petition, the petitioner seeks credit on his federal sentence for time served in state custody between June 19, 2004, the date of his federal offense, and August 9, 2005, the date he was sentenced in federal court. In support of his claim, the petitioner asserts that under 18 U.S.C. § 3585(b)(2) he is entitled to credit on his federal sentence for the 14 months in question because (1) he was in official detention during that time period; (2) that detention was served as a result of an arrest for violations of state parole conditions; (3) the detention was not the result of the offense for which forms the basis of his federal sentence and (4) the petitioner has not received credit for that time toward any other sentence.

### B. The Respondent's Response

In response to the petition, the respondent asserts that the petitioner's sentence has been

properly calculated and he is not entitled to credit on his federal sentence for the 14 months spent in state custody. Therefore, the respondent seeks the dismissal of the petition with prejudice. In support of this request, the respondent asserts that at the time the petitioner was arrested on an escape warrant on August 4, 2004, he was subject to parole supervision and a violation warrant had been issued. Thus, at the time the petitioner was placed under arrest, he was in the primary custody of the state on the warrant. On December 22, 2004, the petitioner was "borrowed" from state custody via a federal writ. Accordingly, the respondent contends that the petitioner remained in the primary custody of the state, during his federal court proceedings and was returned to the state on August 12, 2005, after his federal proceedings concluded. The petitioner did not return to federal custody until December 2, 2005, after he was paroled from the state of Michigan.

Because the petitioner's federal sentence was specifically ordered to run consecutive to his state sentences, and the petitioner received time on his state sentence for the time he spent in state custody, the respondent asserts that the petitioner's federal sentence did not commence until the date he was taken exclusively into federal custody, after completion of his state sentence. Consequently, the respondent contends that the BOP is prohibited by statute from awarding the petitioner credit on his federal sentence for the 14 months in question because to do otherwise would constitute an impermissible award of double credit. Additionally, the respondent notes that the petitioner is not entitled to any credit for time period between June 19, 2004, and August 4, 2004, because the petitioner was not in custody during that time period.

## C. The Petitioner's Reply

In his reply, the petitioner argues that the respondent failed to provide the Court with

sufficient proof that he received credit on his state sentence for the time in question.[1] Moreover, the petitioner contends that he could not be granted such credit on his state sentence because the MDOC "considers the time spent for parole 'dead time,'" and could not credit that time to his state sentence.

Because the petitioner challenged the sufficiency of the respondent's evidence, and challenged certain factual contentions made by the respondent, on September 2, 2008, the Court directed the respondent to file a supplemental response addressing the claims made in the petitioner's reply.

**D.     The Respondent's Supplemental Response**

Attached to the respondent's supplemental response is the declaration of Diana Judge, a Records Specialist in the Central Time Computation Unit for the MDOC. See Dckt. 15, Ex. 1 at ¶ 1. In that declaration, Ms. Judge avers that the time petitioner spent in the custody of the Oakland County Jail from August 4, 2004, through September 14, 2005, was credited to the petitioner's following state sentences:

(1) Docket Number 94135479-FH;

(2) Docket Number 9413050-FH;

(3) Docket Number 92115984-FH;

(4) Docket Number 97155973-FH; and

(5) Docket Number 02184145-FH.

See id. at ¶ 6.

---

[1] Attached to the respondent's response is an e-mail from June A. Daman, purportedly a records analyst for the MDOC, to John Farrar, a Correspondence Specialist at the BOP's Designation and Sentence Computation Center in Grand Prairie, Texas, stating that the petitioner received credit on his state sentence for the time in question.

Accordingly, the respondent asserts that there is no basis for petitioner's claim and the petition should be denied.

E.  **The Petitioner's Reply Brief**

In his reply brief, the petitioner does not address the contentions of the respondent's supplemental response. Instead, the petitioner raises a new claim for relief, that the Court should credit him with the 14 months at issue and issue a *nunc pro tunc* sentence pursuant to U.S.S.G. § 5G1.3(b).

In support of this new claim, the petitioner contends that under § 5G1.3 his federal sentence should have been run concurrent to his undischarged state sentence because it resulted from offenses that had been fully considered in determining his offense level. Reply Brief (dckt. 17) at 2. Moreover, the petitioner contends that his claim is supported by Application Note 2 to U.S.S.G. § 5G1.3, which gives the sentencing court the authority to adjust a sentence for conduct taken into account in determining the guideline range for that offense if the court believes the BOP will not otherwise credit the sentence with that time. Id. at 2-3. The petitioner asserts then, that because his undischarged parole violation term involved the same firearm charge as his federal offense, he is entitled to credit on his federal sentence for the challenged 14 months. Id. at 3. The petitioner further asserts that the point of this guideline provision is to prevent duplicative prosecutions and thus, he is entitled to the appropriate credit on his federal sentence. Id. at 4-6.

F.  **The Respondent's Response**

Because the petitioner raised a new claim for relief in his reply, on October 30, 2008, the respondent filed an additional response. In that response, the respondent asserts that the petitioner has conceded that his state sentence was credited with the time in question, and therefore, also

5

concedes that he is not entitled to credit on his federal sentence for that same time. Response (dckt. 18) at 1. With respect to the petitioner's new claim, the respondent argues that relief under U.S.S.G. § 5G1.3 lies in the sentencing court and not in this court pursuant to a § 2241 habeas petition. Additionally, the respondent asserts that the petitioner's § 5G1.3 argument is flawed and the petitioner cannot find relief under that provision. Accordingly, the respondent reiterates his request to have the petition denied and dismissed.

### III.  Analysis

It is well established that the BOP is charged with the responsibility of sentence computation and other administrative matters regarding the length of a prisoner's confinement. See United States v. Wilson, 503 U.S. 329, 112 S.Ct. 1351 (1992) ( the Attorney General, through the BOP, has the responsibility for administering federal sentences); United States v. Lucas, 898 F.2d 1554 (11th Cir. 1990) (the power to grant jail time credit lies exclusively with the Attorney General). In this case, the petitioner argues that the BOP has failed to award him the appropriate amount of pre-sentence custody credit. Specifically, the petitioner alleges that he is entitled to credit for the time spent in the custody of the USMS while out on writ from this state sentence. Because the petitioner's federal sentence was imposed after November 1, 1987, prior custody credit is governed by 18 U.S.C. § 3585.

A defendant can receive prior custody credit under § 3585(b) if:

> (1) he was in official detention because of the offense for which the sentence was imposed; or
>
> (2) he was in official detention as a result of another charge for which he was arrested after the commission of the current offense, if that time has not been credited against another sentence.

In this instance, the petitioner was taken into federal custody pursuant to a Writ of Habeas

6

Corpus Ad Prosequendum. Therefore, the petitioner was "borrowed" from the state of Michigan only for the purposes of making a plea and for sentencing. United States v. Evans, 159 F.3d 908, 911 (4th Cir. 1998); see also Causey v. Civiletti, 621 F.2d 691 (5th Cir. 1980). The State of Michigan retained primary jurisdiction over the petitioner during this time and credited his state sentences accordingly. Id. After the petitioner's federal sentencing, he was returned to the state of Michigan to serve the remainder of his state sentences. Thus, during the period in question, the petitioner was in official detention pursuant to his state court conviction, not as a result of his federal offense, and that time has already been awarded to the petitioner's state sentence. Consequently, the petitioner is not entitled to relief on his claims as stated in the petition. Nonetheless, the petitioner raises an additional argument in his reply to the respondent's response that must be addressed.

To the extent that this Court can review the petitioner's § 5G1.3[2] claim pursuant to a writ of

---

[2] Section 5G1.3 of the United States Sentencing Guidelines reads as follows:

**Imposition of a Sentence on a Defendant Subject to an Undischarged Term of Imprisonment**

>(a) If the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status) or after sentencing for, but before commencing service of, such term of imprisonment, the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment.
>
>(b) If subsection (a) does not apply, and a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of § 1B1.2 (Relevant Conduct) and that was the basis for an increase in the offense level for the instant offense under Chapter Two (Offense Conduct) or Chapter Three (Adjustments), the sentence for the instant offense shall be imposed as follows:
>
>>(1) the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such periods of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and

habeas corpus under 28 U.S.C. § 2241,[3] it is clear that the petitioner is not entitled to credit on his federal sentence pursuant to § 5G1.3. Specifically, from August 2004 to August 2005, the petitioner was not serving time in the MDOC on his firearms charges, the petitioner was serving time on his original state sentences imposed in 1998 and 2002 by the State of Michigan. See Dckt. 15, Ex. 2 at ¶¶ 5-6. The firearms and others charges[4] were merely the mechanism through which the petitioner's parole was revoked.

In addition, Application Note 3(C) provides that where a defendant is serving a term of imprisonment due to a parole violation, the Commission recommends that any subsequent new offense be imposed consecutively. To the extent that the sentencing court had the discretion to run the petitioner's federal sentence either consecutive or concurrent to his parole violation sentence, the sentencing court clearly exercised its discretion to run the sentence consecutive. The petitioner's J&C states: "The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: 84 months, to be served consecutive to all the

---

(2) the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

(c) (Policy Statement) In any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

[3] The imposition of a sentence may only be challenged pursuant to 28 U.S.C. § 2255. A § 2241 habeas petition challenges the manner in which a sentence is executed. The petitioner here specifically challenges the way his sentence was imposed under U.S.S.G. § 5G1.3. Thus, § 2241 does not appear to be the appropriate avenue through which to seek relief.

[4] Petitioner was also arrested for resisting officers and domestic violence. See Respondent's Response (dckt. 18) at 4.

defendant's undischarged terms of imprisonment. The Court considered the Sentencing Guidelines and factors contained in 18 U.S.C. 3553(a)." See Respondent's Response (dckt. 11), Ex. 1 at Att. B (Petitioner's J&C). Accordingly, to the extent that the petitioner may raise a § 5G1.3 challenge in this Court pursuant to § 2241, the petitioner is not entitled to relief on this claim.

### IV. Recommendation

Because the petitioner's sentence has been properly computed and he is otherwise not entitled to relief in this Court on his other claims, it is recommended that the petitioner's § 2241 habeas petition (dckt. 1) be **DENIED** and **DISMISSED with prejudice**.

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable John Preston Bailey, United States District Judge for the Northern District of West Virginia. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. See 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro*

*se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record via electronic means.

DATED: January 8, 2009.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE